UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH S. DAVIS

VERSUS

UNITED STATES ARMY RESERVE
THROUGH THE 321ST SUSTAINMENT
BRIGADE, ET AL.

CIVIL ACTION

NO. 19-305-BAJ-EWD

## RULING

Before the Court is a Motion to Stay Discovery[1] filed by defendants, the United States Army Reserve, through the 321st Sustainment Brigade (the "321st Sustainment Brigade"); Colonel William Norris ("Norris"); and Elizabeth Bohannon ("Bohannon") (collectively, "Defendants"). Plaintiff, Kenneth S. Davis ("Plaintiff") has filed an opposition[2] and Defendants have filed a Reply.[3]

For the reasons set forth herein, the Motion to Stay[4] is granted and discovery in this matter is stayed pending resolution of Defendants' Motion to Dismiss.[5] The parties are ordered to file a Joint Motion to Lift Stay upon resolution of Defendants' Motion to Dismiss.[6]

**I.    Background**

On April 29, 2017, Plaintiff filed a Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (the "Petition") against Defendants in state court. Plaintiff contends that Defendants have retaliated against him for filing complaints with the Equal

---

[1] R. Doc. 5.

[2] R. Doc. 9.

[3] R. Doc. 15.

[4] R. Doc. 5.

[5] R. Doc. 2.

[6] R. Doc. 2.

1

Employment Opportunity Commission ("EEOC") alleging harassment[7] and that he was discriminated against based on his military service in violation of La. R.S. § 29:404.[8]

On May 13, 2019, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1).[9] The following day, Defendants filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss").[10] Therein, Defendants assert that this Court lacks subject matter jurisdiction based on the United States' sovereign immunity. Plaintiff has not filed an opposition to the Motion to Dismiss. On June 11, 2019, Defendants filed the instant Motion to Stay.[11] Defendants ask this Court to stay discovery pending disposition of the Motion to Dismiss and Plaintiff's Motion to Remand.[12]

## II. There is Good Cause to Stay of Discovery in this Suit Pending Resolution of the Issues Raised in the Motion to Dismiss

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[13] Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and

---

[7] *See*, R. Doc. 1-2, ¶¶ 6 & 10.

[8] R. Doc. 1-2, ¶ 23. *See also*, R. Doc. 1-2, ¶ 26 ("Petitioner requests that the 321st Sustainment Brigade, Colonel William Norris, and Elizabeth Bohannon be restrained and enjoined from committing any and all acts of harassment and reprisal against Petitioner due to his filing of a formal complaint with the EEOC. Additionally, Petitioner requests that the 321st Sustainment Brigade, Colonel William Norris, and Elizabeth Bohannon be restrained and enjoined from continuing to violate La. R.S. 29:404, as the removal of various job duties from Petitioner has been done due to Petitioner being 'on military duty a lot', with such action and the effects thereof being experienced by and effecting [sic] Petitioner daily.").

[9] R. Doc. 1.

[10] R. Doc. 2.

[11] R. Doc. 5.

[12] Since the undersigned has recommended that Plaintiff's Motion to Remand be denied, that motion is not a basis for staying discovery in this suit.

[13] Fed. R. Civ. P. 26(c)(1).

specific demonstration of fact as distinguished from stereotyped and conclusory statements."[14] A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[15] The Fifth Circuit has explained that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[16] "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"[17] Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[18] "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'"[19]

"It is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation."[20] This Court has recently stayed discovery

---

[14] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

[15] *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).

[16] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

[17] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

[18] *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

[19] *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)). In his opposition, Plaintiff asserts that this Court should consider factors such as the Plaintiff's interest in proceeding expeditiously and potential prejudice to Plaintiff stemming from a delay, the burden on the Defendants, convenience to the Court, and the interests of third parties and the public. *See*, R. Doc. 9, p. 5. Plaintiff then focuses his opposition on the purported need to move forward with merits-based discovery and contends that "an order allowing discovery would reverberate throughout the courts in Louisiana when shown that the U.S. District court, using its wide discretion will allow affected citizen Soldiers access to discovery tools when a civilian employer discriminates against the citizen Soldier based on his service in the Armed Forces." R. Doc. 9, p. 6. Despite Plaintiff's assertions, a stay of discovery in this matter pending resolution of the issues raised in the Motion to Dismiss will not foreclose merits-based discovery in the event Defendants' Motion to Dismiss is denied. Considering the dispositive and threshold nature of the defense of sovereign immunity, it is appropriate to stay discovery pending resolution of the Motion to Dismiss.

[20] *Rivera v. United States*, EP-15-cv-21-KC, 2015 WL 13650012, at * 2 (W.D. Tex. May 18, 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

pending resolution of a Motion to Dismiss raising the defense of qualified immunity,[21] and finds a similar approach is warranted here.[22] Defendants' Motion to Dismiss raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of this action.[23] Plaintiff has not filed an opposition to the Motion to Dismiss. Although Plaintiff has opposed the instant Motion to Stay and argues that proceeding with discovery now would "allow for an expedient answering of the questions offered in both the Motions to Remand and Dismiss,"[24] Plaintiff does not explain how the general merits discovery to which he refers is necessary to resolving the Motion to Dismiss, which is based on a legal question.[25] Accordingly, considering the

---

[21] *See*, *Imani v. City of Baton Rouge*, Civil Action No. 17-439, 2018 WL 2208221 (M.D. La. May 14, 2018) (In *Imani*, written discovery was allowed to proceed between plaintiffs and non-movants based on agreement of the parties. Here, all defendants have moved for dismissal.).

[22] *See*, *e.g.*, *Pfaff v. United States*, Civil Action No. 14-cv-03349, 2015 WL 7075508, at * 2 (D. Col. Nov. 13, 2015) ("Courts have recognized that stays of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient, particularly when that jurisdictional challenge would be fully dispositive. [*Sandoval v. United States*, No. 11–cv–01533–REB–KLM, 2011 WL 3682768, at *1 (D. Colo. 2011)] Indeed, the Tenth Circuit recognized in *Liverman v. Committee on the Judiciary, U.S. House of Representatives* that there was no 'logical reason' why the general rule of staying discovery pending a qualified immunity defense 'should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law.'" 51 Fed. Appx. 825, 827-28 (10th Cir. 2002).").

[23] In opposition to the Motion to Stay, Plaintiff argues that a pending motion to dismiss is not ordinarily a situation warranting a stay of discovery. *See*, R. Doc. 9, p. 9. Although Plaintiff cites *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) for that proposition, the *Turner* court recognized that a stay may be appropriate when threshold jurisdictional or immunity issues are raised. *Turner*, 175 F.R.D. at 556 (citing *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.")). Other cases cited by Plaintiff did not consider such threshold issues and are distinguishable. *See*, *Heartland Jockey Club Ltd. v. Penn National Gaming, Inc.*, No. 2:09-cv-804, 2009 WL 5171829 (S.D. Ohio Dec. 21, 2009) (denying defendant's request to impose phased discovery plan in which issues of contract interpretation would be decided first); *Hoxie v. Livingston County*, Civil Action No. 09-cv-10725, 2010 WL 822401, at * 1 (E.D. Mich. March 4, 2010) (denying motion to stay discovery pending resolution of dispositive motions raising statute of limitations).

[24] R. Doc. 9, p. 5.

[25] *See*, R. Doc. 9, p. 5 ("Plaintiff avers that allowing reasonable or even limited discovery of collective defendants' critically relevant text messages, defendants' relevant emails, collective defendants' depositions, and interrogatories would still allow for an expedient answering of the questions offered in both the Motions to Remand and Dismiss."); p. 3 ("the government has failed to produce any statement by Colonel William Norris denying this discriminatory action and statements to that effect. Questions of whether defendant, Norris, made the statement; his perceptions; and state of mind at the time the statements were made must not be ignored and appear ripe for full or alternatively limited discovery."). As noted above, the undersigned previously issued a Report and Recommendation recommending that the Motion to Remand be denied.

jurisdictional nature of Defendants' Motion to Dismiss, good cause exists to stay discovery in this suit pending resolution of that Motion to Dismiss.[26]

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion to Stay Discovery[27] is granted and discovery in this matter is stayed pending resolution of Defendants' Motion to Dismiss.[28]

**IT IS FURTHER ORDERED** that the parties shall file a Joint Motion to Lift Stay upon resolution of Defendants' Motion to Dismiss.[29]

Signed in Baton Rouge, Louisiana, on November 5, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 2. *See*, *Sailboat Bay Apartments, LLC v. United States*, Civil Action No. 14-2344, 2015 WL 2250114, at * 6 (E.D. La. May 13, 2015) (rejecting request to conduct jurisdictional discovery in response to Rule 12(b)(1) motion raising the defense of sovereign immunity and explaining "immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery."). *Cf.*, *Federal National Mortgage Assoc. v. K.O. Realty, Inc.*, Civil Action No. 3:13-cv-2781, 2014 WL 12588308, at * 1 (N.D. Tex. Feb. 4, 2014) ("in the court's experience, staying discovery pending resolution of a motion to dismiss is not an efficient means of managing litigation because it unnecessarily prolongs the ultimate resolution of the parties' claims. Further, the motion to dismiss does not address any matters, such as sovereign immunity, that would warrant a stay of discovery.").

[27] R. Doc. 5.

[28] R. Doc. 2.

[29] R. Doc. 2.